UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT FORD,<br><br>         Movant,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | 4:15-CV-04152-KES<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION AND<br>DISMISSING PETITION |

**INTRODUCTION**

Petitioner, Robert Ford, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. The government now moves to dismiss the petition for failure to state a claim. Docket 22. The matter was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that the petition be dismissed. Docket 28. Ford timely filed his objection. Docket 32. For the following reasons, the court adopts Magistrate Judge Duffy's report and recommendation and dismisses Ford's petition.

**FACTUAL BACKGROUND**[1]

Ford was charged with sexual abuse of an incapacitated person and kidnapping. *United States v. Ford*, 726 F.3d 1028, 1029 (8th Cir. 2013). After a

---

[1] A full recitation of the facts can be found in the report and recommendation. Docket 28.

jury trial, he was acquitted of sexual abuse but convicted of kidnapping. The Eighth Circuit Court of Appeals affirmed his conviction. *Id.*

On October 1, 2015, Ford filed a motion to vacate or set aside his conviction under 28 U.S.C. § 2255. Docket 1. Ford argued that his trial attorney had provided ineffective assistance by not presenting evidence at trial to attack the credibility of Christine Weston, the victim and a witness. Docket 5. The government moved to dismiss the petition, arguing that Ford's attorney had not been ineffective because the evidence was inadmissible and that Ford could not show prejudice. Docket 22. On August 18, 2016, Magistrate Judge Duffy filed her report and recommendation, recommending that the government's motion be granted and the petition be dismissed. Docket 28. Ford objects to this recommendation. Docket 32. He seeks de novo review of this recommendation. *Id.*

## STANDARD OF REVIEW

The court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

### I.    The Report and Recommendation

After de novo review, the court finds that Ford has failed to show
ineffective assistance of counsel because he failed to show he was prejudiced
by counsel's alleged ineffectiveness. The test for ineffective assistance of
counsel comes from *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*
"requires that the movant show that he was prejudiced by counsel's error, and
'that there is a reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different.' " *Williams v.
United States*, 452 F.3d 1009, 1014 (8th Cir. 2006) (quoting *Anderson v. United
States*, 393 F.3d 749, 752–53 (8th Cir. 2005)). " 'A reasonable probability is a
probability sufficient to undermine confidence in the outcome.' " *Id.* (quoting
*Strickland*, 466 U.S. at 694).

"When determining if prejudice exists, the court must consider the
totality of the evidence . . . ." *Id.* (quoting *Strickland*, 466 U.S. at 695).

> In doing this analysis, the court should be mindful of (1) the
> credibility of all witnesses, including the likely impeachment of the
> uncalled defense witnesses; (2) the interplay of the uncalled
> witnesses with the actual defense witnesses called; and (3) the
> strength of the evidence actually presented by the prosecution.

*Id.* (quoting *Strickland*, 466 U.S. at 695). "Because both prongs must be met for
the petitioner to succeed, 'a court need not determine whether counsel's
performance was deficient before examining the prejudice suffered by the
defendant as a result of the alleged deficiencies.' " *Taylor v. Kelley*, 825 F.3d

3

466, 470 (8th Cir.), *cert. denied*, 137 S. Ct. 387 (2016) (quoting *Strickland*, 466 U.S. at 697).

Ford has not shown that trial counsel's alleged ineffectiveness prejudiced him. He claims that trial counsel was ineffective because he failed to thoroughly investigate Weston and use that information to impeach her credibility. While this goes to Weston's credibility, and her credibility was important for the prosecution, it simply does not create a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Evidence that did not rely on Weston's credibility supported Ford's conviction. Ford objects to the R&R, arguing that his conviction rested on Weston's credibility, but this is not true. Cindy Deutscher, a physician's assistant who treated Weston after the incident with Ford, testified that Weston had bruises on her arms and legs. *United States v. Ford*, 4:11-cr-40116-KES (hereinafter "CR Docket"), Docket 87 at 127. Ford argues that no one testified that Ford inflicted the bruises on Weston. Docket 32 at 12. This does not matter. Deutscher testified that Weston told her the bruises were not present before she went to bed and that the bruises were consistent with this understanding. CR Docket 87 at 129-130. The lack of evidence pointed out by Ford in his objections merely implies that there is another possible interpretation of these bruises. While that may be true, it does not create a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

4

Concerning the bruises, Ford also argues that Weston failed to explain how she had been bruised during her testimony. Docket 32 at 11. The examples Ford provides show Weston answering indirectly to questions about how she was bruised. *Id.* These examples do not support the argument that trial counsel's ineffectiveness prejudiced Ford. If anything, they support the opposite argument because even given Weston's inconclusive testimony, the jury found the remainder of the evidence persuasive enough to find Ford guilty of detaining Weston against her will.

Eric Sherman and Michelle Red Heart also testified that they heard a commotion in the bedroom when Ford was detaining Weston. Ford argues that this does not constitute evidence that he detained Weston because neither Sherman nor Red Heart actually saw him detaining Weston. Combined with the other evidence, however, the fact that both Sherman and Red Heart heard a commotion at the time Weston said she was being detained constitutes evidence that Weston was being stopped from leaving the room.

Ford also made two phone calls while he was detaining Weston. One of those calls was to Weston's mother. During cross-examination, the prosecutor asked Ford why Weston did not call her mother herself if she was free to. Docket 87-1 at 145. Ford answered, "Beats the heck out of me." *Id.* Ford objects to the report and recommendation, arguing that the calls he made do not constitute evidence that he was detaining Weston against her will. Docket 32 at 14. Here, Ford again merely suggests a different interpretation of this evidence: that Ford called Weston's mother in order to help Weston. While this

may be a reasonable interpretation of the facts, it is not the only interpretation of them.

To show prejudice, Ford has to show a reasonable probability that the jurors would have had a reasonable doubt that he committed kidnapping if Ford's attorney had introduced character evidence against Weston. As outlined above, Ford's conviction did not rest solely on Weston's credibility. Therefore, the evidence Ford argues his attorney should have presented would not have led to acquittal, and Ford fails to show that the failure to introduce this evidence prejudiced him.

## II.    Evidentiary Hearing

"A district court may deny an evidentiary hearing where (1) accepting the petitioner's allegations as true, the petitioner is not entitled to relief, or (2) 'the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.' " *Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (quoting *United States v. Sellner*, 773 F.3d 927, 929–30 (8th Cir. 2014)). " 'No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.' " *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (quoting *Anjulo–Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008)).

Here, an evidentiary hearing is not required. Even if trial counsel was deficient for failing to attack Weston's credibility with the information Ford argues he should have, Ford failed to demonstrate that this alleged deficieny

prejudiced him. As discussed above, Ford's conviction did not rest solely on Weston's credibility, which would only arguably be affected by Ford's proposed attack. There is no issue of fact or credibility to be determined in an evidentiary hearing. Therefore, Ford's request for an evidentiary hearing is denied.

## III.   Certificate of Appealability

Before denial of a § 2255 motion may be appealed, a petitioner must first obtain a certificate of appealability from the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Ford has made a substantial showing that the district court's assessments of his claims are debatable or wrong. Consequently, a certificate of appealability is issued.

Thus, it is ORDERED

1. Fords objections to the report and recommendation (Docket 32) are overruled.

2. The report and recommendation (Docket 28) is adopted in full.

3. Respondent's motion to dismiss (Docket 22) is granted. Ford's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket 1) is dismissed.

4. A certificate of appealability is issued on the following issues:

a.  Is Ford entitled to an evidentiary hearing?

b.  Was Ford's trial counsel ineffective regarding the kidnapping charge because he failed to properly investigate the matter and impeach the complaining witness's credibility?

Dated March 31, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE